

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. L. Washburn
County Auditor
Harris County
Houston, Texas

Dear Sir:

Opinion No. O-6969

Re: Harris County and the Harris
County Navigation District
expending public funds to
dredge channel, construct
wharves, etc., incidental
to berthing Battleship
"TEXAS".

We acknowledge receipt of your letter of December 4, 1945, with the following attached to said letter: a photostatic copy of the suggested letter written by the General Manager of the Harris County Houston Ship Channel Navigation District addressed to Mr. A. D. Simpson; a copy of a letter written by you on November 20, 1945, addressed to Mr. J. Russell Wait, General Manager of said District; a copy of Hon. D. A. Simmons' opinion; and a copy of Hon. Ernest A. Knipp's opinion.

The pertinent part of your letter reads as follows:

"I submit the following questions upon which I request your opinion with respect to the legality of the expenditures and whether or not I may approve payment of the same if otherwise incurred in the manner required by law:

"1. Has the County of Harris authority to contribute to the berthing of the TEXAS and the construction expenditures in connection therewith?

"I submit the letter of Lewis and Knipp, attorneys, dated November 21, 1945, written in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

response to my request, which is attached with the thought that it might be of assistance.

"2. May the Harris County Navigation District expend its funds in dredging the channel and constructing wharves and other facilities for berthing the United States Battleship TEXAS which has been donated to the State of Texas by the Secretary of Navy conditioned that the funds necessary to properly berth the vessel and thereafter maintain it will be appropriated?

Your attention is directed to the fact that the gift of the Battleship is to the State of Texas; that it is to be berthed at a State Park owned by the State of Texas; and that it is to be maintained and operated either by the State or some municipal unit/from sources not yet determined. From newspapers, I understand that the Governor has said funds are not available from State sources for any of these purposes.

"3. Assuming that the Battleship TEXAS is berthed and the necessary wharf and approaches are constructed, may the Harris County Navigation District thereafter appropriate its funds for the maintenance and operation of the vessel as a museum?"

Section 52, Article 3 of the Constitution of Texas provides in part as follows:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, * * *"

Articles Nos. 8198, 8229 and 8247a, provide in part as follows:

"Art. 8198. Navigation districts may be created so as to include therein the territory of not more than two counties or parts thereof; and such districts may or may not include villages, towns and municipal corporations, or any part thereof. Such districts may improve rivers, bays, creeks, streams and canals within or adjacent to such districts, and construct

and maintain canals and waterways to permit of
navigation or in aid thereof, and may issue bonds
in payment therefor as hereinafter provided."

"Art. 8229.  Navigation districts provided for
in this chapter created for the development of deep
water navigation, having a city containing one hun-
dred thousand population, or more according to the
preceding Federal census, are hereby granted, in
addition to the powers conferred by this chapter,
the right, power and authority to acquire, purchase,
take over, construct, maintain, operate, develop
and regulate wharves, docks, * * * and all other
facilities or aids incident to or necessary to the
operation or development of ports or waterways,
within the district and extending to the Gulf of
Mexico,* * *"

"Art. 8247a.  Sec. 1.  Any navigation district
heretofore organized or hereafter to be organized
under any of the provisions of the Constitution or
laws of the State of Texas, in addition to all
other powers conferred by law is hereby given au-
thority and shall hereafter have power in the
manner hereinafter provided to acquire, purchase,
construct, enlarge, extend, repair, maintain,
operate or develop wharves, docks, * * * and
everything appurtenant thereto, together with all
other facilities or aids incident to or useful in
the operation or development of the district's
ports and waterways or in aid of navigation * * *."

Senate Bill No.222, Sec. 2, passed by the 40th Legisla-
ture in 1927, provides in part as follows:

"The navigation district, or its successors,
is hereby granted the right, power and authority to
authorize, establish, construct, purchase, own,
maintain, equip, regulate, operate and lease
wharves, piers, docks, dry docks, marine ways and
all other structures and appliances for facili-
tating or accommodating commerce or navigation,
and to dredge out channels, slips and turning
basins, and to fill in space between the main
land and islands and to fill areas for wharves,

Hon. H. L. Washburn, page 4

and accommodating commerce and navigation, having first secured a permit from the Government of the United States of America therefor, and to construct, or cause or authorize to be constructed on said wharves, piers, docks, dry docks, marine ways and other structures and appliances for facilitating and accommodating commerce and navigation, or on lands so filled in, * * * or any other facilities or aids whatsoever to navigation or commerce. * *. (Underscoring ours)

Said Senate Bill was filed in the Department of State April 5, 1927, and became effective ninety (90) days after adjournment of the Legislature.

House Bill No. 131, Sec. 1, passed by the 40th Legislature in 1927, provides in part as follows:

"That the Harris County Houston Ship Channel Navigation District of Harris County, Texas, in Harris County, as hereinafter described by metes and bounds, is hereby created and established under authority of Article 3, Section 52 of the Constitution of the State of Texas, for the purpose of the development of deep water navigation and the improvement of rivers, bays, creeks, streams and canals within or adjacent to such District, and to construct and maintain canals or waterways to permit of navigation or in aid thereof and for the purpose of and authority to acquire, purchase, undertake, construct, maintain, operate, develop, and regulate wharves, docks, * * * and all other facilities or aids incident to or necessary to the operation or development of ports or waterways within said District and extending to the Gulf of Mexico, as provided in Chapter 9 of the Revised Statutes of 1925; * * *."

Said House Bill was approved June 6, 1927, and became effective as of that date.

Hon. H. L. Washburn, page 5

The law is well settled that county commissioners courts may exercise only such authority as conferred by the Constitution and statutes of this State. This department has in many opinions so held. See Opinion No. O-1001, and authorities therein cited. A copy of said opinion is herewith enclosed. We have made a diligent search and are unable to find any statute authorizing the expenditure or donation of county funds by the Commissioners' Court for the purpose above described. We therefore answer your first question in the negative.

In answer to your second question, it is our opinion that Harris County Houston Ship Channel Navigation District is clearly authorized to expend its funds for the purpose of dredging channels, constructing wharves and other facilities or aids whatsoever to navigation or commerce. As to whether the dredging of the channel and constructing wharves and other facilities incidental to the berthing of the United States Battleship "TEXAS" would be "facilities or aids to navigation or commerce" is largely a fact question and one to be determined primarily by the navigation district in the exercise of its sound discretion.

It is our opinion that your third question should be answered in the negative and it is so answered.

We wish to express our sincere appreciation for the able briefs submitted in this matter by Hon. D. A. Simmons on behalf of the navigation district and by Hon. Ernest A. Knipp on behalf of Harris County.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Jesse Owens
Assistant

JO:LJ
encl.